UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENT ALLIANCE INTERNATIONAL, INC.,<br><br>                                       Plaintiff,<br><br>  - against -<br><br>MANUEL FERREIRA,<br><br>                                       Defendant. | Case No. 07 CIV 8685 (B.S.J.)<br><br>DECLARATION OF<br>DAWN MURRAY |

Dawn Murray declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am the Director of Operations of Payment Alliance International, Inc., and am familiar with the facts and circumstances set forth in this Declaration based on my personal knowledge, and/or review of documents regularly maintained by PAI in the regular course of its business. I make this Declaration in support of PAI's Application for a Preliminary Injunction with Temporary Restraints.

2.  I am the architect of PAI's new electronic payment processing service (referred to herein as the "Application" or "COLTS"). In this role, I reported directly to Manuel Ferreira ("Ferreira"), PAI's Senior Vice President of Operations, who supervised my work on the development of COLTS.

3.  Ferreira was aware of the details of the Application's development and implementation from its inception. As part of my reporting duties, I regularly met with Ferreira to update him on the development and implementation of COLTS, including operational matters and design details. As a result of these meetings, Ferreira possesses in-depth knowledge of the

4813-7705-8049 1

Application's configuration, capabilities, specifications and processes. Indeed, Ferreira contributed to the COLTS project and had input on the Application's design. He regularly gave his opinion on functional items that I needed to include in the system, such as verifying the accuracy of data collection input manually into COLTS.

4.  Also, Ferreira occasionally participated in the systems development meetings with me and other technical employees, during which key intellectual components of the Application were discussed and worked on.

5.  Furthermore, Ferreira received detailed minutes of the weekly meetings I had with Jack Blakey and PAI's system developers with respect to the progress of the Application's development and implementation. The minutes also included a detailed analysis of the tasks completed in the development of the Application as well as the outstanding items that needed to be accomplished.

6.  Moreover, on or about September 27, 2007, PAI held a key staff meeting at which we discussed the Application at length and in great detail. The meeting included several presentations which contained "screen shots" and demonstrations of critical systems components, as well as detailed discussions about various components of the Application's design. In this meeting, during a presentation I made related to COLTS's functionality, Ferreira stated that he wanted to include another data collection field in the Application related to the collection of payment.

7.  As the architect of the Application, I have no doubt that Ferreira gained in-depth knowledge regarding COLTS which can be used to the competitive disadvantage of PAI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2007.

                                                                     Dawn Murray