UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENT ALLIANCE INTERNATIONAL, INC., ) | Index No.: 07 CIV 8685 (B.S.J.) |
| ) | Hon. Barbara Jones |
| Plaintiff, ) | |
| ) | |
| - against - ) | |
| ) | |
| MANUEL FERREIRA, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT MANUEL FERREIRA'S ANSWER AND SPECIAL AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT AND JURY DEMAND

Defendant Manuel Ferreira ("Ferreira"), by his attorneys, Jaffe, Raitt, Heuer & Weiss, Professional Corporation, responds to Plaintiff's Verified Complaint as follows:

### INTRODUCTION AND RELIEF REQUESTED

1. Ferreira admits that he resides in Jupiter, Florida. Ferreira neither admits nor denies the balance of the allegations contained in Paragraph 1 of the Complaint because he is without sufficient knowledge or information to do so.

2. Defendant admits Plaintiff seeks the relief requested in paragraph 2 of the Complaint but denies Plaintiff is entitled to any or all of the relief sought.

3. Ferreira admits that he resigned his employment with PAI effective October 1, 2007 and that he reported to PAI's Chief Operating Officer until then. Ferreira further admits that he had an employment contract with EDR, the terms of which speak for themselves. Ferreira denies as untrue the balance of the allegations contained in paragraph 3 of the Complaint.

1458463.01

4. Ferreira admits that he voluntary resigned from his employment to accept a position at Cynergy. Ferreira denies as untrue the balance of the allegations contained in paragraph 4 of the Complaint.

5. Ferreira denies as untrue the allegations contained in paragraph 5 of the Complaint.

### THE PARTIES, JURISDICTION AND VENUE

6. Ferreira neither admits nor denies the allegations contained in paragraph 6 of the Complaint because he is without sufficient knowledge or information to do so.

7. Admitted.

8. The allegations of paragraph 8 contain legal conclusions to which no response is necessary.

9. The allegations of paragraph 9 contain legal conclusions to which no response is necessary.

### THE COMPETING ELECTRONIC PAYMENT PROCESSING BUSINESS OF PAI AND CYNERGY DATA

10. Ferreira admits that PAI provides electronic payment processing services and that paragraph 10 of the Complaint generally describes the process merchants use to process credit card transactions. Ferreira neither admits nor denies the balance of any allegations contained in paragraph 10 of the Complaint because he is without sufficient knowledge or information to do so.

11. Ferreira denies as untrue the allegations contained in paragraph 11 of the Complaint in form and manner alleged.

12. Ferreira admits that PAI is responsible for servicing merchant hardware and software, providing customer support, collections and some merchant training. Ferreira neither

1458463.01

2

admits nor denies the balance of any allegations contained in paragraph 12 of the Complaint because he is without sufficient knowledge or information to do so.

13. Ferreira admits that the group he oversaw was in part responsible for the matters described above.

14. Ferreira neither admits nor denies the allegations contained in paragraph 14 of the Complaint because he is without sufficient knowledge or information to do so.

15. Ferreira neither admits nor denies the allegations contained in paragraph 15 of the Complaint because he is without sufficient knowledge or information to do so.

16. Ferreira neither admits nor denies the allegations contained in paragraph 16 of the Complaint because he is without sufficient knowledge or information to do so.

### FERREIRA'S EMPLOYMENT WITH EDR AND THE PAI MERGER

17. Ferreira admits that he was employed by EDR as a Vice President of Operations, that he reported directly to EDR's Chief Operating Officer and that he earned 15,000 stock options in EDR stock as additional compensation. Ferreira denies as untrue the balance of the allegations contained in paragraph 17 of the Complaint.

18. Ferreira neither admits nor denies the allegations contained in paragraph 18 of the Complaint because he is without sufficient knowledge or information to do so.

19. Ferreira neither admits nor denies the allegations contained in paragraph 19 of the Complaint because he is without sufficient knowledge or information to do so.

20. The Merger Agreement, in its entirety, speaks for itself. Ferreira admits that he signed the employment agreement and that he exchanged the majority of stock options he acquired in EDR for shares of PAI. Ferreira neither admits nor denies the balance of any allegations contained in paragraph 20 of the Complaint because he is without sufficient knowledge or information to do so.

21. The Contract, in its entirety, speaks for itself.

22. The Contract, in its entirety, speaks for itself.

23. The Contract, in its entirety, speaks for itself.

### FERREIRA'S EMPLOYMENT WITH PAI, AND HIS WORK ON A PROPRIETARY AND HIGHLY CONFIDENTIAL SOFTWARE SYSTEM

24. The Contract, in its entirety, speaks for itself. Ferreira admits that he worked for PAI following the transaction.

25. Ferreira denies as untrue the allegations contained in paragraph 25 of the Complaint.

26. Ferreira admits that, in May, 2007, he became Senior Vice President of Operations, received a salary increase and shares in PAI's restricted stock plan. To the extent inconsistent with the foregoing, Ferreira denies as untrue the balance of the allegations contained in paragraph 26 of the Complaint.

27. Ferreira neither admits nor denies the allegations contained in paragraph 27 of the Complaint because he is without sufficient knowledge or information to do so.

28. Ferreira denies as untrue the allegations contained in paragraph 28 of the Complaint.

29. Ferreira denies as untrue the allegations contained in paragraph 29 of the Complaint.

30. Ferreira neither admits nor denies the allegations contained in paragraph 30 of the Complaint because he is without sufficient knowledge or information to do so.

31. Ferreira denies as untrue the allegations contained in paragraph 31 of the Complaint.

32. Ferreira denies as untrue the allegations contained in paragraph 32 of the Complaint.

33. Ferreira denies as untrue the allegations contained in paragraph 33 of the Complaint.

34. Ferreira denies as untrue the allegations contained in paragraph 34 of the Complaint.

35. Ferreira denies as untrue the allegations contained in paragraph 35 of the Complaint.

36. Ferreira denies as untrue the allegations contained in paragraph 36 of the Complaint.

37. Ferreira denies as untrue the allegations contained in paragraph 37 of the Complaint.

38. Ferreira neither admits nor denies the allegations contained in paragraph 38 of the Complaint because he is without sufficient knowledge or information to do so.

39. Ferreira neither admits nor denies the allegations contained in paragraph 39 of the Complaint because he is without sufficient knowledge or information to do so.

### FERREIRA'S RESIGNATION FROM EMPLOYMENT

40. Ferreira admits that, on October 1, 2007, he voluntarily resigned from PAI. Ferreira neither admits nor denies the balance of any allegations contained in paragraph 40 of the Complaint because he is without sufficient knowledge or information to do so.

41. Ferreira admits that he advised PAI that he intended to commence full-time employment with Cynergy and he hoped to become Chief Operating Officer of Cynergy at some point in time. To the extent inconsistent with the foregoing, Ferreira denies as untrue the balance of the allegations contained in paragraph 41 of the Complaint.

42. Ferreira admits that he had no complaints regarding his employment at PAI and that PAI made an offer to him to continue his employment with PAI which Ferreira refused. Ferreira denies as untrue the balance of the allegations contained in paragraph 42 of the Complaint.

43. The letter, in its entirety, speaks for itself.

44. Ferreira denies as untrue the allegations contained in paragraph 44 of the Complaint.

### IRREPARABLE HARM/BALANCE OF THE EQUITY

45. Ferreira denies as untrue the allegations contained in paragraph 45 of the Complaint.

46. The Contract, in its entirety, speaks for itself.

47. Ferreira denies as untrue the allegations contained in paragraph 47 of the Complaint.

48. Ferreira denies as untrue the allegations contained in paragraph 48 of the Complaint.

49. Ferreira denies as untrue the allegations contained in paragraph 49 of the Complaint.

50. Ferreira denies as untrue the allegations contained in paragraph 51 of the Complaint.

51. Ferreira denies as untrue the allegations contained in paragraph 51 of the Complaint.

52. Ferreira denies as untrue the allegations contained in paragraph 52 of the Complaint.

53. Ferreira denies as untrue the allegations contained in paragraph 53 of the Complaint.

54. Ferreira denies as untrue the allegations contained in paragraph 54 of the Complaint.

55. Ferreira neither admits nor denies the allegations contained in paragraph 55 of the Complaint because he is without sufficient knowledge or information to do so.

56. Ferreira denies as untrue the allegations contained in paragraph 36 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

57. Ferreira incorporates by reference his responses to paragraphs 1 through 56 of the Complaint.

58. Ferreira denies as untrue the allegations contained in paragraph 58 of the Complaint.

59. Ferreira denies as untrue the allegations contained in paragraph 59 of the Complaint.

60. Ferreira denies as untrue the allegations contained in paragraph 60 of the Complaint.

61. Ferreira denies as untrue the allegations contained in paragraph 61 of the Complaint.

62. Ferreira denies as untrue the allegations contained in paragraph 62 of the Complaint

63. Ferreira denies as untrue the allegations contained in paragraph 63 of the Complaint.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64. Ferreira incorporates by reference his responses to paragraphs 1 through 63 of the Complaint.

65. Ferreira denies as untrue the allegations contained in paragraph 65 of the Complaint.

66. Ferreira denies as untrue the allegations contained in paragraph 66 of the Complaint.

67. Ferreira denies as untrue the allegations contained in paragraph 67 of the Complaint.

68. Ferreira denies as untrue the allegations contained in paragraph 68 of the Complaint.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS

69. Ferreira incorporates by reference his responses to paragraphs 1 through 68 of the Complaint.

70. Ferreira denies as untrue the allegations contained in paragraph 70 of the Complaint.

71. Ferreira denies as untrue the allegations contained in paragraph 71 of the Complaint.

72. Ferreira denies as untrue the allegations contained in paragraph 72 of the Complaint.

## COUNT IV
## UNFAIR COMPETITION

73. Ferreira incorporates by reference his responses to paragraphs 1 through 72 of the Complaint.

74. The allegations of paragraph 74 of the Complaint contain legal conclusions to which no response is necessary.

75. Ferreira denies as untrue the allegations contained in paragraph 75 of the Complaint.

76. Ferreira denies as untrue the allegations contained in paragraph 76 of the Complaint.

77. Ferreira denies as untrue the allegations contained in paragraph 77 of the Complaint.

78. Ferreira denies as untrue the allegations contained in paragraph 78 of the Complaint.

79. Ferreira denies as untrue the allegations contained in paragraph 79 of the Complaint.

## COUNT V
## UNJUST ENRICHMENT

80. Ferreira incorporates by reference his responses to paragraphs 1 through 79 of the Complaint.

81. Ferreira denies as untrue the allegations contained in paragraph 81 of the Complaint.

82. Ferreira denies as untrue the allegations contained in paragraph 82 of the Complaint.

83. Ferreira denies as untrue the allegations contained in paragraph 83 of the Complaint.

84. The Contract, in its entirety, speaks for itself.

85. Ferreira denies as untrue the allegations contained in paragraph 85 of the Complaint.

86. Ferreira denies as untrue the allegations contained in paragraph 86 of the Complaint.

87. Ferreira denies as untrue the allegations contained in paragraph 87 of the Complaint.

88. Ferreira denies as untrue the allegations contained in paragraph 88 of the Complaint.

## COUNT VI
### BREACH OF THE DUTY OF LOYALTY/FIDUCIARY DUTY

89. Ferreira incorporates by reference his responses to paragraphs 1 through 88 of the Complaint.

90. The allegations of paragraph 90 of the Complaint contain legal conclusions to which no response is necessary.

91. Ferreira denies as untrue the allegations contained in paragraph 91 of the Complaint.

92. Ferreira denies as untrue the allegations contained in paragraph 92 of the Complaint.

93. Ferreira denies as untrue the allegations contained in paragraph 93 of the Complaint.

94. Ferreira denies as untrue the allegations contained in paragraph 94 of the Complaint.

95. Ferreira denies as untrue the allegations contained in paragraph 95 of the Complaint.

96. Ferreira denies as untrue the allegations contained in paragraph 96 of the Complaint.

### SPECIAL AND AFFIRMATIVE DEFENSES

1. The allegations of the Complaint fail to state claims upon which relief can be granted.

2. Plaintiff's misrepresentations concerning enforcement of the non-compete, particularly Bill Blakey's statements upon which Ferreira relied in signing the non-compete, prevent relief in whole or in part.

3. The Contract is void, illegal and otherwise unenforceable under applicable law.

4. Plaintiff has no trade secrets or confidential or proprietary information worthy of protection under applicable law.

5. Plaintiff is estopped from enforcement of the non-compete contained in the employment contract.

6. Ferreira's continued employment with EDR/PAI following the transaction is insufficient consideration for the non-compete contained in the Employment Agreement.

7. Plaintiff lacks capacity to sue as the employment contract was made and entered into with EDR, not PAI, and any purported assignment is invalid.

**JURY DEMAND**

Defendant hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Peter M. Falkenstein
Peter M. Falkenstein (Michigan P61375)
Eric A. Linden (Michigan P33249)
Jonathan C. Myers (Michigan P69972)
Attorneys for Defendant Manuel Ferreira
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
248.351.3000
pfalkenstein@jaffelaw.com
elinden@jaffelaw.com
jmyers@jaffelaw.com