# KM&M
KAUFF McCLAIN & McGUIRE LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, N.Y. 10022

TELEPHONE (212) 644-1010
TELECOPIER (212) 644-1936

LYLE S. ZUCKERMAN
DIRECT DIAL: (212) 909-0708
DIRECT FAX: (212) 909-3508
LYLE.ZUCKERMAN@KMM.COM

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

November 6, 2007

**VIA ECF FILING**

Honorable Barbara S. Jones
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 620
New York, NY 10007

Re:   Payment Alliance International v. Manuel Ferreira
      Case No. 07 CIV 8685 (BSJ)
      KM&M File No. 10429.0001

Dear Judge Jones:

We respectfully submit this brief reply to defendant Manuel Ferreira's recent submission (his third bite at the apple) simply to highlight his failure to provide the Court any additional facts or law to alter the Court's previous analysis of this matter.

Initially, Ferreira cites only one New York case (FTI Consulting, Inc. v. Graves, 2007 WL 2192200 (S.D.N.Y. July 31, 2007)) in a futile attempt to distinguish the Misys Int'l Banking Systems case which the Court agreed strongly supports the application of the sale of business analysis to Mr. Ferreira's covenant.[1] Unfortunately for Ferreira, the FTI case has no application here.

Ferreira, like the defendant in Misys, owned slightly less than 1% of PAI's predecessor (EDR) upon its sale to PAI and was required to execute a shareholder authorization to permit the sale. Moreover, the sale of EDR was expressly conditioned upon Ferreira entering into an employment agreement with PAI. (See Verified Complaint, Ex. B). Accordingly, Ferreira wielded potentially enormous negotiating

---

[1] As set forth in our moving papers, enforcement of Mr. Ferreira's covenant to prohibit his employment with Cynergy Data, Inc. certainly does not depend on the sale of business analysis.

4817-1253-9138.1

**KMM**
KAUFF McCLAIN McGUIRE LLP

Hon. Barbara S. Jones
November 6, 2007
Page 2

power[2] and apparently exercised that power: he demanded, and was provided, a greater percentage of sales proceeds awarded to him in the nature of PAI stock rather than cash. PAI now seeks to enforce the obligations of the condition precedent for which it paid.

In FTI, by contrast, the acquisition agreement provided that six named key KPMG principals and an additional 22 unspecified professionals agree to accept employment with the purchaser to permit continuous operations; it did not designate the defendant Graves as a particular individual possessing unique skills (in contrast to the PAI-EDR contract so designating Ferreira). Instead, Graves was merely one of the 22 unspecified KPMG professionals who joined FTI after the sale. Id. at *1. Additionally, none of those 22 unnamed employees, including Graves, were owners of the seller, and none of them became owners of the purchaser as a consequence of the transaction (as did Ferreira). Indeed, the FTI court expressly noted that that the defendant was a non-equity partner – a mere employee – and not an owner of the predecessor. Id. at *5.

Next, Ferreira's unwavering representation to the Court notwithstanding, payment to a former employee during a restrictive period is not required as a matter of law for enforcement of a covenant.[3] Rather, it is one factor in the overall determination of whether the covenant is too restrictive or interferes with his livelihood which, in itself, is but one component in the broad analysis of whether a covenant is enforceable. Here, Ferreira was compensated handsomely for entering into the employment agreement and thus was paid, albeit in advance, for his post-employment obligations. Therefore, the result here does not change even accepting Ferreira's erroneous recitation of the law. Additionally, it is not disputed by Ferreira that he will be able to obtain employment in the electronic payment processing industry during the restricted period: he can work for such behemoths as MasterCard, Visa, American Express, Diner's Club; numerous local, national and international banks; and certain of PAI's vendors and suppliers. (See Declaration of Gregory W. Sahrmann, dated November 4, 2007 at ¶ 6). Ferreira most

---

[2] This also distinguishes the vast majority of cases cited by Ferreira from courts not interpreting New York law, and from jurisdictions whose common law bares no resemblance to New York's, such as the 1977 Louisiana state appellate court.

[3] The cases cited by Ferreira make this point. Moreover, New York courts routinely enforce covenants in the absence of continuation payments to former employees. See, e.g., Ticor Title Ins. Co. v. Cohen, 173 F.3d 63 (2d Cir. 1999); Battenkill Veterinary Equine P.C. v. Cangelosi, 768 N.Y.S.2d 504 (3rd Dep't 2003); Alside Div. Of Associated Materials Inc. v. Leclair, 743 N.Y.S.2d 898 (3rd Dep't 2002). And, it has long been held in New York that continued employment, standing alone, is sufficient consideration for a covenant. See Zellner v. Stephen D. Conrad, 183 A.D.2d 250, 256, 589 N.Y.S.2d 903, 906 (2d Dep't 1992).



KAUFF McCLAIN  McGUIRE LLP

Hon. Barbara S. Jones
November 6, 2007
Page 3

certainly can earn a good living other than working for a direct competitor of PAI. He simply wants to have his cake and eat it too by retaining the bargained-for compensation he received in exchange for the covenant while breaching the covenant for a pay increase.

In this equitable proceeding, Ferreira's position has no equity; indeed, it smacks of avarice, disloyalty, and blatant disregard for contractual commitments. For the foregoing reasons, and based upon all of the prior pleadings, PAI respectfully requests that a preliminary injunction issue.[4]

Respectfully submitted,

Lyle S. Zuckerman

cc:   Eric Linden, Esq. (by ECF Filing and Facsimile)

---

[4] As for the issue of an appropriate bond, PAI has agreed to expedited discovery in this case, which we believe can be completed within 6 months. At any time during that period, Ferreira can move for summary judgment, and also can move the Court to lift the preliminary injunction if sufficient new evidence is adduced. Accordingly, if a bond is required by the Court, PAI requests that it be no greater than 6 months of Ferreira's purported future salary, discounted significantly by the low probability of the Court concluding that the preliminary injunction was issued improperly.

4817-1253-9138.1