UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAYMENT ALLIANCE INTERNATIONAL, INC.,

                **Plaintiff,**

- against -

MANUEL FERREIRA,

                **Defendant.**

Case No. 07 CIV 8685 (BSJ)

DECLARATION OF
GREGORY W. SAHRMANN

---

     Gregory W. Sahrmann declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

     1.    I am the Chief Operating Officer of Payment Alliance International, Inc. ("PAI"), and am familiar with the facts and circumstances set forth in this Declaration based on my personal knowledge, and/or my review of documents regularly maintained by PAI in the regular course of its business. I make this Declaration in support of PAI's Application for a Preliminary Injunction with Temporary Restraints.

     2.    Ferreira's statement in Paragraph 3 of his latest affidavit appears to be an intentional attempt to mislead the Court to believe that I was not truthful in my previous affidavit. However, contrary to that Paragraph 3, I never stated that Ferreira was one of the top four shareholders who received compensation as a result of the merger. Instead, I said that "[t]he conversion of EDR stock was a significant benefit offered to only a handful of EDR employees [and that] only the three founders of EDR received more compensation than Ferreira as a result of the sale." (*See* Declaration of Gregory Sahrmann, dated October 18, 2007, at ¶ 6). As shown in Exhibit A to Ferreira's affidavit, only seven EDR management employees owned equity

shares of EDR prior to the merger, and of those individuals, Ferreira received the fourth most total compensation as a result of the sale. Attached as Exhibit A is a chart ranking the amount of proceeds (including stock awards) that each member of EDR's management received as a result of the sale.

3. Moreover, Ferreira's arguments related to the amount of proceeds he received as part of the sale is invalid insofar as it focuses entirely upon cash proceeds and ignores the stock each individual received. It is undisputed that Ferreira received roughly $300,000 in total proceeds as a result of the sale, which ranked below only Bill Blakey, Mike Kopp and Skip Whitley, EDR's founders. (*See* Ex. A).

4. Ferreira's attempt to portray himself as a mere employee of EDR who continued his employment with PAI following the merger is disingenuous to the extreme. Ferreira was a stock holder in EDR and executed a Shareholder authorization to permit the PAI acquisition. *The merger document, moreover, made Ferreira's acceptance of an employment agreement containing various post-employment restrictions, including a covenant against competition, a condition precedent to the sale.* (*See* Verified Compl., Ex. B).

5. Furthermore, Ferreira misstates the truth in paragraph 8 of his affidavit by stating that he signed the non-compete "in [his] capacity as an employee of PAI and not as a selling shareholder of EDR." The Executive Employment Agreement Ferreira signed was between him and EDR on September 20, 2005 solely in contemplation of, and as a condition precedent to, the corporate acquisition. Ferreira did not become a PAI employee until September 21, 2005, when the merger was consummated.

6. Finally, the enforcement of the non-compete in this instance will not prevent Ferreira from working in this industry. He can work for VISA, American Express, Discovery, Mastercard, Diners' Club, several international banking institutions, numerous of our vendors, and many other electronic payment services-related companies that are not direct competitors to PAI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 5, 2007.

								_____
								Gregory W. Sahrmann

4842-7335-7826.3