UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAYMENT ALLIANCE INTERNATIONAL, INC., ) Index No.: 07 CIV 8685
) (B.S.J.)
) Hon. Barbara Jones
               Plaintiff,

   - against -

MANUEL FERREIRA,

               Defendant.

---

### BRIEF IN SUPPORT OF UNOPPOSED MOTION BY ERIC LINDEN, PETER FALKENSTEIN, AND JAFFE RAITT HEUER & WEISS, P.C. TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT MANUEL FERREIRA

JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
248.351.3000

Attorneys for Defendant
Manuel Ferreira

## INTRODUCTION

For the reasons stated below, Defendant Manuel Ferreira's counsel, Peter Falkenstein and Eric Linden, along with the law firm of Jaffe, Raitt, Heuer & Weiss P.C. (the "Jaffe Firm"), move this Court for an order granting their request to withdraw as counsel of record for Ferreira.

## GENERAL BACKGROUND[1]

Counsel's request to withdraw is unopposed by both Plaintiff and Defendant Ferreira.

On December 12, 2007, this Court granted Plaintiff's Motion for a Preliminary Injunction severely restricting Defendant Ferreira's employment for the next two years, including, specifically, employment by Cynergy Data, Ferreira's prospective employer. *See* Opinion and Order [Doc. 27]. Up until that time, Cynergy Data had agreed to pay Ferreira's attorneys fees. *See* Declaration of Eric Linden, ¶ 2 [Ex. A]. However, this Court restrained Ferreira from working for Cynergy. *See* Opinion and Order [Doc. 27]. As Cynergy is not permitted by the Court to employ Ferreira, Cynergy is no longer willing to pay Ferreira's costs and attorneys fees in this matter. [Ex. A, ¶ 3]. Ferreira is now essentially prohibited from obtaining gainful employment for the next 22 months. The compensation he received in connection with the PAI-EDR merger was largely in the form of restricted stock that Ferreira cannot sell to live on, much less to pay counsel. Given the current circumstances, Defendant Ferreira cannot afford to retain Linden, Falkenstein, or the Jaffe Firm as his counsel in this action nor is he likely able to engage the services of another lawyer to represent him.

---

[1] By way of reference, this Motion to Withdraw adopts the Statement of Facts set forth in Defendant Manuel Ferreira's Response in Opposition to Plaintiff Payment Alliance International, Inc.'s Application for a Preliminary Injunction with Temporary Restraints [Doc. 6] as if fully set forth herein.

1487626.01

As a result, Linden, Falkenstein, and the Jaffe Firm respectfully request this Court to grant this Motion and enter an order permitting them to withdraw them from the instant action.

### AUTHORITY

The applicable authority for granting this Motion is found in Local Civil Rule 1.4, which states as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

It is appropriate to grant an attorney's request for withdrawal where his client is unable to pay for his legal fees. *Furlow v. City of New York,* 1993 WL 88260 (S.D.N.Y. 1993). As Ferreira is prohibited from working for Cynergy, Cynergy is no longer paying to defend Ferreira in this action. Ferreira is now unemployed and essentially not permitted to work in his chosen profession for the next two years, nor can he sell the restricted stock he received from the PAI-EDR merger to either pay living expenses or the fees of counsel. Simply put, Ferreira cannot afford to pay Linden, Falkenstein, and the Jaffe Firm to represent him in this action. Instead, Ferreira intends to defend the instant action in *pro se*.[2] [Ex. A, ¶ 5]. Neither Plaintiff nor Ferreira object to counsel's withdrawal.

Moreover, Defendant Ferreira's answers to Plaintiff's discovery requests are currently due on February 4, 2008. Defendant Ferreira requests[3] a two-week extension to answer Plaintiff's Discovery Requests. No other changes to the Court's Scheduling Order are necessary

---

[2] Defendant Ferreira will accept service of all pleadings and other court papers in this action at the following address: 1000 N US Hwy 1, Unit 629, Jupiter, FL 33477.

[3] An extension for Defendant's responses was not discussed with Plaintiff and hence was not consented to.

3

1487626.01

or anticipated as a result of counsel's withdrawal. In fact, the potential for withdrawal was specifically discussed by the parties at the telephonic scheduling conference conducted for this case.

## CONCLUSION

For the foregoing reasons, Linden, Falkenstein, and the Jaffe Firm respectfully request this Court to grant their Motion to Withdraw as Counsel of Record for Defendant Manuel Ferreira.

                Respectfully submitted,

                /s/ Eric A. Linden
                Peter M. Falkenstein (Michigan P61375)
                Eric A. Linden (Michigan P33249)
                JAFFE RAITT HEUER & WEISS, P.C.
                27777 Franklin Road, Suite 2500
                Southfield, Michigan 48034
                248.351.3000
                pfalkenstein@jaffelaw.com
                elinden@jaffelaw.com

Dated: January 9, 2008

4

1487626.01