# KM&M
KAUFF McCLAIN & McGUIRE LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, N.Y. 10022

ROY P. SALINS
DIRECT DIAL: (212) 909-0712
DIRECT FAX: (212) 909-3512
SALINS@KMM.COM

TELEPHONE (212) 644-1010
TELECOPIER (212) 644-1936

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

March 24, 2008

**VIA FACSIMILE & ECF-FILING**

Judge Barbara S. Jones
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 620
New York, NY 10007

       Re:    Payment Alliance International v. Manuel Ferreira
                 Index No. 07 CIV 8685 (B.S.J.)
                 KM&M File No. 10429.0001

Dear Judge Jones:

       This firm represents plaintiff Payment Alliance International ("PAI") in the above-referenced action. We are pleased to report that the parties have settled the matter. In that regard, the parties respectfully desire for Your Honor to retain jurisdiction over this matter in the event of a breach of the settlement agreement. Therefore, we respectfully request that Your Honor "So Order" the enclosed "Settlement Agreement, Release and Order" executed by the parties and the Stipulation of Dismissal with Prejudice.

       Thank you for your consideration.

                                      Respectfully submitted,

                                      Roy P. Salins

Enclosures

cc:    Mr. Manuel Ferreira (via email, w/enc. – mannyknx@aol.com)
        Lyle S. Zuckerman, Esq. (w/enc.)

4834-3596-6210.1

**KM&M**
KAUFF McCLAIN & McGUIRE LLP

Judge Barbara S. Jones
March 24, 2008
Page 2

bcc:   Mr. Gregory W. Sahrmann (by email, w/enc.)

4834-3596-6210.1

Judge Barbara S. Jones
March 24, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENT ALLIANCE INTERNATIONAL, INC., <br><br>          Plaintiff, <br><br>   - against - <br><br> MANUEL FERREIRA, <br><br>          Defendant. | Case No. 07 CIV 8685 (BSJ) (FM) |

## SETTLEMENT AGREEMENT, RELEASE AND ORDER

This Confidential Settlement Agreement, Release and Order (the "Agreement") is made and entered into by and between MANUEL FERREIRA ("Ferreira") and PAYMENT ALLIANCE INTERNATIONAL, INC. ("PAI"). (Ferreira and PAI are sometimes collectively referred to herein as the "Parties" and individually referred to as a "Party.")

WHEREAS, Electronic Data Resources, Inc. ("EDR") and Ferreira entered into an agreement dated September 20, 2005 ("Employment Agreement") (a copy of the Employment Agreement is attached hereto as Exhibit A) memorializing Ferreira's terms and conditions of employment with EDR, which Employment Agreement was assigned to, and assumed by, PAI upon its acquisition of EDR (with Ferreira's consent) as set forth in the acquisition agreement;

WHEREAS, the Employment Agreement imposed certain post-employment restrictions upon Ferreira with respect to competing against PAI, soliciting its clients, vendors, employees, and other third parties, and using or disclosing confidential information, among other things;

WHEREAS, on or about October 1, 2007 Ferreira resigned his employment with PAI, which vitiated the Parties' employment relationship effective November 1, 2007; Ferreira thereafter intended to commence employment with Cynergy Data, Inc. ("Cynergy"), which

4810-9711-4114.2

1

employment PAI alleged would result in Ferreira's breach of the post-employment restrictions in the Employment Agreement;

WHEREAS, PAI commenced an action in United States District Court for the Southern District of New York, entitled <u>Payment Alliance International v. Ferreira</u>, Case No. 07 Civ. 8685, (the "Litigation"), seeking temporary and permanent injunctive relief enforcing the Employment Agreement and prohibiting Ferreira from working for or otherwise providing services to Cynergy in violation of the Employment Agreement;

WHEREAS, on or about December 13, 2007, the Court issued a preliminary injunction order against Ferreira enjoining him from working for Cynergy, and otherwise enforcing the post-employment restrictions in the Employment Agreement, a copy of which order is attached hereto as Exhibit B ("Order");

WHEREAS, the Parties now wish to amicably resolve any disputes and potential disputes concerning Ferreira's employment and separation from employment, reaffirm his post-employment obligations, and resolve the Litigation; and

WHEREAS, Ferreira warrants and represents that he has returned to PAI all PAI documents in his custody, possession, or control, including all documents that exist in electronic media, that were created at, for, or by PAI, or that have been taken from the premises of PAI.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein and for other good and valuable consideration, the receipt of which is acknowledged by the Parties, the Parties agree as follows:

1. Employment Agreement, Payment, and other Obligations. In consideration of the promises and covenants herein, Ferriera agrees as follows:

a. Ferreira shall comply in all respects with Section 7(a) of the Employment Agreement – a covenant against competitive business activity – which shall continue in full force and effect up to and including August 10, 2008 (herein, the "Restricted Period") ("Effective Date" defined below) (provided that Ferreira does not revoke this Agreement as provided for below). Section 7(a) of the Employment Agreement shall be construed as set forth in, and in a manner consistent with, the Order.

b. For the avoidance of all doubt, Ferreira may, during the Restricted Period, become employed by or otherwise provide services to a payment processing vendor that does not provide services competitive to those offered by PAI. If Ferreira desires to become employed by or otherwise provide services to a payment processing vendor which does provide services competitive to those offered by PAI (which would otherwise constitute a violation of subparagraph (a) above), he may request the permission of PAI to do so, as follows: Ferreira shall first make a written request to PAI seeking permission to provide services to such employer, which shall include a written job description or other competent evidence establishing that he will not provide services or assistance of any kind to the competitive operations of such employer. Within ten (10) business days after receipt of such request, PAI will determine in its sole discretion whether Ferreira may provide services to such employer notwithstanding any obligations under this Agreement.

c. All other post-employment obligations set forth in the Employment Agreement, including the two-year covenant against solicitation of clients, vendors, and employees, as set forth in Section 7(b) of the Employment Agreement, and Ferreira's confidentiality obligations as set forth in Section 6 of the Employment Agreement, shall remain in full force and effect for the period set forth therein.

      d. Ferreira hereby forfeits to PAI all vested and unvested PAI restricted stock awards (with no compensation due to Ferriera) and he shall timely execute any and all written instruments required (if any) to effect such forfeiture.

      e. Ferreira shall pay to PAI the total sum of Fifty-Five Thousand Dollars ($55,000.00) (the "Payment"), upon execution of this Agreement; provided, however, that at Ferreira's option, Ferreira may elect to make the Payment to PAI, plus interest at the rate set forth below (together, the "Debt"), at a time after he executes this Agreement, but not later than the day his PAI Class A stock is liquidated, whenever that occurs (the "Debt Option"). In the event Ferreira exercises the Debt Option but chooses to pay the Debt before PAI liquidates its Class A stock, then he shall pay the Debt by bank check made payable to Payment Alliance International (or such other entity as PAI may require). In the event Ferreira exercises the Debt Option and chooses to pay the Debt on the date PAI liquidates its Class A stock, then the amount Ferreira would have received from such liquidation shall be used to reduce the Debt before any amount is paid to him. If the liquidated amount of Ferreira's Class A stock is less than the Debt, the remainder of the Debt shall be immediately payable. Interest shall be computed at a rate equal to the dividend carry for the Class A stock. If a cash dividend is paid on the class A stock, the amount Ferreira would have received from said dividend shall be used to reduce the Debt (such that Ferreira will not receive any cash payment).

      f. Ferreira hereby waives his rights to commence, and shall not commence, any action against PAI in his capacity as a shareholder of Class A stock (whether in court, arbitration, or before any other tribunal) other than for fraud.

    2. <u>Discontinuance of Litigation</u>. PAI shall discontinue the Litigation (subject to the Court's retainer of jurisdiction over this Agreement, as set forth in Paragraph 5 below) by

4810-9711-4114.2

4

dismissing it, with prejudice, within 14 days following the Effective Date of this Agreement (provided that Ferreira does not revoke it), by filing the Stipulation of Discontinuance attached hereto as Exhibit C (which Ferreira shall execute simultaneously with this Agreement). The Preliminary Injunction shall be dissolved by the Court upon "So Ordering" this Agreement, and the bond posted by PAI shall be withdrawn.

3. <u>Release</u>.

a. Ferreira, for himself, his executors, heirs, administrators, assigns, agents, hereby releases PAI, its affiliates, parents, subsidiaries, successors, and assigns, and its and their respective officers, shareholders, directors, agents, employees, servants, and attorneys (collectively the "PAI Releasees" and individually a "PAI Releasee"), from any and all claims, demands, causes of action, or liabilities, of whatever kind or nature, for injunctive and declaratory relief, royalties, injuries, damages, remedies, and losses of any kind (whether the right to injunctive or declaratory relief, royalties, injuries, damages, remedies, or losses is known or unknown, foreseen or unforeseen, patent or latent) which he may have against the PAI Releasees, or any of them, from the beginning of time up to and including the Effective Date of this Agreement; provided, however, nothing in this Agreement shall prevent Ferreira from enforcing his rights under this Agreement.

b. This release shall include, without limitation, (i) all liability for any acts that violated or may have violated Ferreira's rights under: any contract, tort, or other common-law theory of recovery; any federal, state, or local fair employment practices or civil rights law or regulation; any employee relations statute, executive order, law, regulation, or ordinance; including but not limited to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Fair Labor Standards Act, the

4810-9711-4114.2

5

Employee Retirement Income Security Act, the Americans with Disabilities Act, Chapter 760 of the Florida Statutes, and any other applicable state and local laws; and (ii) all asserted and unasserted rights to and claims for wages, commissions, bonuses, employee benefits, monetary, and equitable relief. Consistent with, and except as set forth within, Paragraphs 1(e) and (f) above, nothing in this release shall be interpreted as a forfeiture of Ferreira's ownership and rights in PAI Class A stock.

  c. To the extent permitted by law, Ferreira shall in the future refrain from initiating or causing to be initiated any judicial or administrative charge, complaint, action, or proceeding that in any manner whatsoever involves allegations or facts that were or could have been raised against PAI in any forum as of the date of this Agreement. In the event that there is presently pending any judicial or administrative proceeding arising out of or relating to Ferreira's employment with PAI, or if in the future such a proceeding is commenced by Ferreira or any person or party acting on his behalf, Ferreira shall promptly notify PAI of the pendency of such proceeding, withdraw it with prejudice to the extent he has the power to do so, and except to the extent required or compelled by law, legal process, or subpoena, refrain from participating, testifying, assisting, or producing documents therein, provided that nothing in this Paragraph or in this Agreement is intended or shall be deemed to prohibit Ferreira from participating or cooperating with the Equal Employment Opportunity Commission or other governmental or law enforcement agency in any investigation, administrative proceeding, or action involving PAI conducted or brought by such agency. However, Ferreira shall not be entitled to, and shall not seek or permit anyone to seek on his behalf, any personal, equitable, or monetary relief in any such action and, in the event he is awarded money, compensation, or benefits, he shall immediately remit such award to PAI. If Ferreira commences, continues, joins in, or in any

manner attempts to assert any claim released herein against PAI, or otherwise breaches the promises made in this Agreement, Ferreira shall reimburse PAI for all attorneys' fees incurred by PAI in defending such a claim.

    d. This release is intended to have the broadest possible effect under any applicable law.

    e. PAI, its affiliates, parents, subsidiaries, successors and assigns, hereby release Ferreira, and his heirs, executors, administrators, and assigns from any and all claims, demands, causes of action, or liabilities, of whatever kind or nature, for injunctive and declaratory relief, royalties, injuries, damages, remedies, and losses of any kind (whether the right to injunctive or declaratory relief, royalties, injuries, damages, remedies, or losses is known or unknown, foreseen or unforeseen, patent or latent) which it may have against Ferreira for acts or omissions from the beginning of time up to and including the Effective Date.

    4. <u>Non-Disparagement</u>. Ferreira agrees that he, his spouse, and any family members shall not, at any time, disparage PAI or the PAI Releasees. Ferreira also agrees that he shall not engage in any action, activity, conduct, or misconduct that is or is calculated to be harmful or contrary to the interest of PAI or the PAI Releasees. PAI agrees that it shall instruct its officers and directors who were involved in the Litigation not to disparage Ferreira.

    5. <u>Enforcement</u>. Ferreira acknowledges that PAI would be irreparably injured by a violation of Paragraphs 1(a), (c), and (d) of this Agreement, and Ferreira agrees that PAI, in addition to any other remedies available to it for such breach or threatened breach, shall be entitled, without posting a bond, to a preliminary injunction, injunction, temporary restraining order, or other equivalent relief, restraining Ferreira (or requiring an affirmative action by Ferreira, as applicable), from any actual or threatened breach of Paragraphs 1(a), (c), and/or (d).

In the event of an actual or threatened breach of Paragraphs 1(a) or 1(c), the Order (attached as Exhibit B) shall constitute the law of the case, and Ferreira shall be prohibited from asserting any defense that the post-employment obligations set forth in the Employment Agreement are invalid, unenforceable as written, or otherwise inapplicable as set forth therein. The Court shall retain jurisdiction over any dispute arising out of or related to this Agreement.

6. Acknowledgments.

a. Ferreira hereby accepts and agrees that (i) neither PAI nor the PAI Releasees have any obligation or liability to Ferreira whatsoever except pursuant to this Agreement, including, without limitation, any salary, bonus, vacation pay, sick or disability pay, severance pay, holiday pay, expense reimbursement, stock options or grants, incentive pay, or benefit of employment (including without limitation any medical, dental, or other insurance benefit), payments due Ferreira from PAI or the PAI Releasees pursuant to any agreement or contract to which Ferreira and any PAI Releasee were parties, including without limitation the Employment Agreement, and any and all monetary or other benefits that were due to Ferreira pursuant to the policies of PAI or any PAI Releasee in effect prior to the effective date of this Agreement (collectively "Compensation"); (ii) Ferreira has been paid all compensation in consideration of the services rendered while employed by PAI, and has been reimbursed for all previously unreimbursed business expenses incurred prior to the separation from PAI employment as and to the extent reimbursable pursuant to the Employment Agreement and PAI practice and policy; and (iii) Ferreira has not been denied any paid or unpaid leaves to which he was legally entitled prior to the effective date of this Agreement.

b. Return of Property. Ferreira hereby acknowledges that he has returned to PAI any and all of the property of PAI in his possession or under his control, including but not

4810-9711-4114.2

8

limited to credit cards, computer hardware and software, pagers, hand-held devices (including wireless e-mail devices and personal digital assistants), other electronic equipment, records, data notes, reports, documents concerning PAI's proprietary computer systems and applications, correspondence, financial information, customer and vendor files and information, and other documents or information (including any and all copies of such property) written or created by, for, or on behalf of PAI, whether or not by or at his request.

7.  **Cooperation.**  Ferreira represents and agrees that from the Effective Date up through and including December 1, 2009, he shall (i) make himself available to PAI (or its agents, attorneys, accountants, partners, or other third parties with which PAI engages in business transactions) upon reasonable request to respond to inquiries and provide information relating to PAI or its transactions of which Ferreira may have knowledge; (ii) cooperate fully with PAI in connection with any and all internal or external investigations or future litigations brought by or against PAI (PAI will reimburse Ferreira for reasonable out-of-pocket expenses actually incurred as a result of his compliance with any such a demand for cooperation.); and (iii) in the event he is contacted by any person or entity seeking information or testimony from his in connection with his or others' employment or activities with PAI or the PAI Releasees, notify PAI in writing prior to providing such information or testimony to the extent permitted by law. Nothing in this paragraph shall be construed to require Ferreira to undertake any action that would require him to engage in any actual conflict of interest.

8.  **Effective Date.**  The Effective Date of this Agreement is the 8th day following Ferreira's execution of it, provided that he does not revoke his signature as set forth below.

9.  **Miscellaneous Provisions.**

a.  The Parties represent and agree that in entering into this Agreement they relied solely upon their own judgment, belief, and knowledge and their own advisors, and that no statement made by or on behalf of PAI or the PAI Releasees in any way influenced Ferreira in such regard. Ferreira is hereby advised to consult with an attorney of his own choosing (at his own expense) before entering into this Settlement Agreement. Ferreira may take up to 21 days to consider this Agreement, and understands that if he signs this Agreement, he may revoke this Agreement at any time during the seven-day period following his execution of it by providing written notice of such revocation to PAI; provided however, that such a revocation would be deemed to cause a failure of consideration for this Agreement, whereupon PAI would be relieved of any obligation to Ferreira under this Agreement. Ferreira acknowledges and agrees that this Agreement is written in a manner that is comprehensible to him, that he understands all of its terms, and that he entered into of his own free will without any duress.

b.  This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter hereof. No oral understandings or agreements made prior to, contemporaneous with, or after the date hereof shall, or shall be interpreted or deemed to, amend, modify, or supplement the provisions hereof in any way whatsoever. This Agreement may be executed in counterparts, and by facsimile signature each of which shall be deemed an original. This Agreement may not be amended except by the mutual consent of the Parties in a written instrument explicitly denominated as an amendment to this Agreement.

c.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without regard to the choice-of-law or conflicts-of-law principles thereof.

      d.    The Court shall retain jurisdiction over any dispute arising out of or related to this Agreement, and Ferreira expressly consents to such jurisdiction.

      e.    If any term, provision, covenant, or restriction of this Agreement, or any part thereof, is held by an arbitrator, governmental, regulatory, or administrative agency, or any court of competent jurisdiction to be invalid, void, unenforceable or against public policy for any reason, the remainder of its terms, covenants, and restrictions shall remain in full force and effect.

    10.    <u>Section 409A.</u>  PAI and Ferreira intend that this Agreement complies with the provisions of Section 409A of the Internal Revenue Code of 1986, as amended, and the regulations and other guidance of general applicability that are issued thereunder ("Section 409A").  Ferreira and PAI agree to negotiate in good faith regarding any amendments that may be necessary or desirable to comply with Section 409A.

    11.    <u>Notices.</u>  (a) Notices by Ferreira hereunder shall be provided in writing by Ferreira to PAI by hand delivery or facsimile to Payment Alliance International at 11857 Commonwealth Drive, Louisville, Kentucky 40299; (b) Notice by PAI hereunder shall be provided in writing to Ferreira by hand delivery or facsimile to Manuel Ferreira, 1000 N. U.S. Highway 1, # 629, Jupiter, Florida 33407.

IN WITNESS WHEREOF, the Parties executed this Settlement Agreement, Release, and Order on the dates indicated below.

| MANUEL FERREIRA | PAYMENT ALLIANCE INTERNATIONAL |
|---|---|
| */s/ Manuel Ferreira* | By: */s/ [signature]* |
| DATED: March 14, 2008 | DATED: March 20, 2008 |

So Ordered: _____
                     U.S.D.J.

4810-9711-4114.2

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAYMENT ALLIANCE INTERNATIONAL, INC.,

      **Plaintiff,**

 - against -

MANUEL FERREIRA,

      **Defendant.**

Case No. 07 CIV 8685 (BSJ) (FM)

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for Plaintiff Payment Alliance International Inc., and Manuel Ferreira that the above-captioned action shall be and hereby is dismissed with prejudice, each party to bear its own costs.

KAUFF McCLAIN & McGUIRE

By: _____
  Lyle S. Zuckerman
950 Third Avenue, 14th Floor
New York, New York 10022
(212) 644-1010

MANUEL FERREIRA

By: _____
  Manuel Ferreira
1000 N. U.S. Highway 1, # 629
Jupiter, Florida 33407
(561) 351-6785

**SO ORDERED:**

_____
  U.S.D.J.

4813-8114-9442.1